# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER BAKER,<br><br>    Plaintiff,<br><br>vs.<br><br>JAMES YATES, et al.,<br><br>    Defendants. | Case No. CIV-17-368-JHP-SPS |

## DEFENDANTS' ANSWER
## TO PLAINTIFF'S COMPLAINT

COME NOW Defendants Yates, Larimer, and Sanders by and through their attorney of record, Darrell L. Moore, OBA #6332, submitting their Answer in opposition to the Plaintiff's Complaint. Defendants' Answer is provided to the Court in the same numerical sequence and style as presented by the Plaintiff, as follows:

**(Complaint Page 1 of 18)**

**A. PARTIES**

  1.  Defendants admit Plaintiff is in the custody of the Oklahoma Department of Corrections. He is currently housed at the Davis Correctional Facility in Holdenville, Hughes County, Oklahoma in a maximum-security housing unit.

  2.  Defendants admit James Yates is the Warden at Davis Correctional Facility. The remainder of Plaintiff's allegations are strictly denied.

**(Complaint Page 2 of 18)**

  3.  Defendants admit Ray Larimer is the Health Services Administrator at Davis Correctional Facility. The remainder of Plaintiff's allegations are strictly denied.

**B. JURISDICTION**

1. Defendants admit jurisdiction is proper. Any other allegations contained in paragraph numbered 1 are denied.

2. Defendants admit jurisdiction is proper. Any other allegations contained in paragraph numbered 2 are denied. The District Court should decline to exercise supplemental jurisdiction over any state-law based claims that may be raised by Plaintiff.

**C. NATURE OF CASE**

1. Defendants deny the Plaintiff's allegations. Defendants deny that Plaintiff has been placed in jeopardy or subjected to "unconscionable/unjustifiable treatment." Defendants deny Plaintiff was denied medical attention in any way.

**D. CAUSE OF ACTION**

1.A.(1) Count I: Defendants deny Plaintiff's Eighth Amendment rights have been violated.

**(Complaint Page 3 of 18)**

**ADDITIONAL DEFENDANTS (unnumbered)**

Defendants admit Defendant Sanders is the facility physician at Davis Correctional Facility. The remainder of Plaintiff's allegations are strictly denied.

**(Complaint Page 4 of 18)**

**D. CAUSE OF ACTION (Continued)**

2. Defendants deny Plaintiff's Eighth Amendment rights have been violated.

**(Complaint Page 5 of 18)**

**Claim One, Supporting Facts: (Unnumbered paragraphs)**

Defendants deny Plaintiff's allegations against any named Defendant or their employer. Defendants deny that Plaintiff received improper or indifferent treatment for his medical issues.

Defendants deny that Plaintiff has suffered any damage of any sort, to include any heart damage, any brain function damage, or any damage to his nervous system. Defendants deny Plaintiff's nose was broken by any actions or inactions of Defendants. Defendants deny that Plaintiff's ability to breath, rest or smell have been damaged. Defendants deny that Plaintiff has sustained spinal damage. Defendants deny that the Plaintiff has been subjected to a deliberate infliction of emotional distress. Defendants deny that the Plaintiff was subjected to deliberate indifference to his serious medical needs.

Defendants admit that Plaintiff was assigned by Oklahoma DOC to Davis Correctional Facility in July of 2005.

Defendants do not have sufficient information to either admit or deny allegations or actions Plaintiff asserts occurred before his arrival at Davis Correctional Facility in 2005. Additionally, many of the Plaintiff's allegations herein have previously been adjudicated by this Court. In CIV-13-140-JHP-SPS, the Court specifically said: *Plaintiff was seen by medical facility staff at least twenty-seven times between October 4, 2012 and March 14, 2013. While Plaintiff disagrees with the medication changes that have recently been made, such changes do not amount to deliberate indifference in violation of the Eighth Amendment of the Constitution.* [See Doc.#52 in CIV-13-140-JHP-SPS]

Defendants admit that Plaintiff's field file and medical file would have been transported with the Plaintiff when he was transferred by OK DOC to Davis Correctional Facility. Defendants deny Plaintiff was provided inappropriate medical care.

**(Complaint Page 6 of 18)**

Defendants deny Plaintiff's allegation that he was not provided appropriate medical care.

Plaintiff filed his action in October of 2017. Therefore, his claims brought forward at that time must have originated on and after October of 2015. The Defendants do not have sufficient information to either admit or deny the allegations which Plaintiff asserts occurred before and directly after his transfer by OK DOC to Davis Correctional Facility in 2005. Additionally, Plaintiff provides no specific time periods in relation to his generic allegations. Additionally, many of the Plaintiff's allegations herein have previously been adjudicated by this Court, such as in CIV-13-140-JHP-SPS.

**(Complaint Page 7 of 18)**

Defendants deny the allegation that Plaintiff was assaulted by security staff. Plaintiff asserts he was issued a class x misconduct. However, Plaintiff did not provide any dates to identify when the alleged misconduct occurred; the allegations are therefore denied. Defendants specifically deny Plaintiff's allegations that OK DOC Internal Affairs directed the Warden or the disciplinary hearing officer to change Plaintiff's charges.

Defendants deny that Plaintiff was subjected to harassment.

Defendants deny that Plaintiff was seen or treated by any unqualified medical professionals.

Defendants deny Plaintiff's allegations that Defendant Larimer directed any medical professional about how to treat the Plaintiff. Defendants deny that the Health Services Administrator over-rode the standing recommendation of any doctor in Plaintiff's treatment.

**(Complaint Page 8 of 18)**

Defendants deny that Plaintiff has been subjected to the intentional infliction of mental, physical or emotional distress. Defendants specifically deny each and every allegation contained on Page 8 related to Defendant Larimer.

Defendants deny that Nurse Castro placed Plaintiff on medications to which he was allergic.

Defendants deny Plaintiff's allegations that he was prescribed inappropriate medications and dosages.

Defendants deny Plaintiff's allegations made regarding Nurse Practitioner Castro and Dr. El Zind.

Defendants deny Plaintiff's allegations that Nurse Practitioner Castro told the Plaintiff her actions had been directed by Health Services Administrator Larimer.

Plaintiff filed his action in October of 2017; any claims brought forward via his Complaint must have arisen after October of 2015. Dr. Reiheld has not been employed at the facility during that period. Many of the Plaintiff's allegations herein have previously been adjudicated by this Court, in CIV-13-140-JHP-SPS.

**(Complaint Page 9 of 18)**

Defendants deny that any seizure activity suffered by the Plaintiff is in any way attributed to medical care provided by medical staff at DCF. Defendants deny that

Plaintiff was threatened with being "locked up" for refusing to take medications. Defendants deny that Plaintiff had allergic reactions to any medications. Defendants deny that the medical staff refused to address the Plaintiff's issues.

Plaintiff filed his action in October of 2017 therefore his actionable claims must have originated after October of 2015. Defendants deny that the medical record reports any incident of his "cardiac arrest" during that period. Defendants deny that any reference is made to a heart attack in the Plaintiff's medical record. Many of his assertions were previously addressed by the Court in CIV-13-140-JHP-SPS.

Defendants deny that Plaintiff had 17 "verified" grand mal seizures in his cell during the operative two-year time period.

Defendants deny that the Health Services Administrator withdrew the Plaintiff's bottom bunk restriction.

**(Complaint Page 10 of 18)**

Defendants deny all the Plaintiff's allegations on page 10 related to the Health Services Administrator, Ray Larimer. Defendants deny that the Plaintiff's health was ever placed in danger.

Defendants deny the Plaintiff's version of his encounter with Correctional Officer Laurent on July 15, 2015. However, that incident occurred more than two years prior to the Plaintiff having filed his complaint and as a result any claim or allegation was not timely filed.

Defendants deny that Plaintiff's seizures were unchecked or untreated. Defendants deny that Plaintiff has been damaged. Defendants deny that Plaintiff has not been seen by qualified medical professionals.

Defendants deny Plaintiff's allegations regarding his bottom bunk restriction having been erroneously lifted or removed.

**(Complaint Page 11 of 18)**

Defendants deny that any adjustment of the Plaintiff's medication was not medically necessary or beneficial to the Plaintiff. Defendants deny that they were instructed by the Oklahoma DOC to send Plaintiff to a specialist.

Defendants deny the allegations of the Plaintiff related to the specialist. Dr. Sanders was in direct contact and communication with Dr. El Zind and both medical professionals were in agreement about the treatment course for Plaintiff.

Defendants deny that Dr. El Zind contacted ODOC directly to obtain different treatment options for the Plaintiff.

**(Complaint Page 12 of 18)**

Defendants deny that Defendant Larimer, HSA had anything to do with the medication regimen of the Plaintiff. Defendants deny that Defendant Larimer overrode or changed any prescriptions of the Plaintiff. Defendants deny that Defendant Larimer threatened the Plaintiff or harassed the Plaintiff or instructed his medical staff to do so.

Defendants deny that the Plaintiff was subjected to torture or denied treatment. Defendants deny that anyone was fired for providing life saving measures to Plaintiff.

Defendants deny that Defendant Larimer has been directly involved in the Plaintiff's care. Defendants deny that Defendant Larimer ignored or acted counter to the medical advice of Dr. Sanders.

Plaintiff's remaining allegations are denied.

**(Complaint Page 13 of 18)**

Defendants specifically deny each and every allegation contained on Page 13 related to Defendant Larimer. Defendants specifically deny each and every allegation contained on Page 13 related to the facility's Warden. Defendants specifically deny that the Plaintiff has been damaged. Defendants deny that Plaintiff has been subjected to deliberate indifference to his serious medical needs or to medical negligence. Defendants deny allegations of lack of supervision and or training. Defendants deny that Plaintiff was subjected to abuse or medical mistreatment.

**(Complaint Page 14 of 18)**

Plaintiff filed his action in October of 2017. Therefore, his claims brought forward to the Court must have originated after October of 2015. Any claims made by Plaintiff beginning in 2005 and before October 2015 must be denied by the Court as not timely brought. Those allegations are denied and many have been previously adjudicated. In CIV-13-140-JHP-SPS, the Court specifically said: *Plaintiff was seen by medical facility staff at least twenty-seven times between October 4, 2012 and March 14, 2013… and that…the allegations did not amount to deliberate indifference in violation of the Eighth Amendment of the Constitution.* [See Doc.#52 of CIV-13-140-JHP-SPS]

Defendants deny Plaintiff's allegations. Plaintiff was not treated unethically or with deliberate indifference. Plaintiff was not put in harm's way. Plaintiff has not suffered damage either physical or neurological. Defendants were in no way medically negligent.

**(Complaint Page 15 of 18)**

**G. REQUEST FOR RELIEF**

1. Defendants deny that Plaintiff is entitled to any relief, and specifically any monetary damages (whether compensatory or punitive), or costs.

**(Complaint Page 16 of 18)**

a) – f) Defendants admit that the Plaintiff has litigated many of these allegations previously in CIV-13-140-JHP-SPS. That case was dismissed for failure to properly exhaust administrative remedies and failure to state a proper claim of deliberate indifference. [Doc.#52]

2. Defendants deny Plaintiff has fully exhausted administrative remedies on all the issues brought before this Court.

3. Defendants deny that Plaintiff has fully exhausted administrative remedies on all the issues brought before this Court.

**F. PREVIOUS DISMISSED ACTIONS OR APPEALS**

1) Plaintiff makes no allegations.

**WHEREFORE,** premises considered, Plaintiff's allegations set forth in his Complaint have either been respectively denied or admitted. Defendants specifically deny Plaintiff's claims brought forward to the District Court. Defendants deny that Plaintiff is entitled to any relief.

## DEFENDANTS' AFFIRMATIVE DEFENSES

As separate affirmative defenses to the averments contained in the Plaintiff's Complaint, Defendants state as follows:

1. As a separate and alternative affirmative defense, Defendants allege Plaintiff has not stated a basis for an award of compensatory, exemplary, or punitive damages.

2. As a separate and alternative affirmative defense, Defendants allege Plaintiff has failed to state a claim or claims upon which relief could be granted.

3. As a separate and alternative affirmative defense, Defendants allege Plaintiff failed to exhaust administrative remedies as to each of the claims he has brought forward to the District Court as required by the Prison Litigation Reform Act and Oklahoma law. *See* 42 U.S.C. § 1997e(a) and 57 O.S. §§ 564, 566(A)(1), 566.3(G)(2), 566.5.

4. As a separate and alternative affirmative defense, Defendants allege that insofar as Plaintiff has attempted to assert a state law based civil claim or tort claim, the same is barred in that he did not first comply with the requirements of 57 O.S. §566.4(B)(2). The Oklahoma Legislature has specifically stated that no tort action or civil claim may be filed against any employee, agent, or servant of the state, the Department of Corrections, private correctional company, or any county jail or any city jail alleging acts related to the duties of the employee, agent, or servant, until all of the notice provisions of the Governmental Tort Claims Act [51 O.S. §151 et seq.] have been fully complied with by the claimant. This requirement shall apply to any claim against an employee of the state, the Department of Corrections, or to any county jail or city jail in either their official or individual capacity, and to any claim against a private correctional contractor and its employees for actions taken pursuant to or in connection with a governmental contract.

5. As a separate and alternative affirmative defense, Defendants state that if Plaintiff has alleged negligence of Defendants, which is specifically denied, such was not the direct, legal, proximate cause of Plaintiff's alleged injuries and damages.

6. As a separate and alternative affirmative defense, Defendants allege that at all times material to the Complaint they acted in good faith and in a reasonable manner.

7. As a separate and alternative affirmative defense, Defendants allege that they were not on actual or constructive notice of a substantial or unreasonable risk of harm to Plaintiff and therefore did not breach a duty owed to Plaintiff nor did Defendants cause or contribute to any injury allegedly suffered by Plaintiff.

8. As a separate and alternative affirmative defense, Defendants allege that if Plaintiff suffered any injury, that defendants were not on actual or constructive notice, nor should Defendants have reasonably foreseen, any alleged harm to the Plaintiff, such that Defendants had a duty to foresee and prevent alleged harm to Plaintiff.

9. As a separate and alternative affirmative defense, Defendants state that they intend to rely upon other defenses as may become apparent or available during discovery proceedings or which may be raised by separate motion as permitted by the Rules of Civil Procedure.

## **CONCLUSION**

WHEREFORE, Defendants respectfully pray the Court enter its order of judgment in favor of Defendants and against the Plaintiff; that the Court dismiss the Plaintiff's allegations as set forth above; that the Plaintiff take nothing by way of his petition herein; and, that the Defendants be awarded their attorney fees and costs for defense of this action and receive any and all other appropriate relief.

Respectfully submitted,
Defendants Yates, Larimer, and Sanders

By: _____
DARRELL L. MOORE, OBA 6332

P.O. Box 368
Pryor, OK 74362
(918) 825-0332
(918) 825-7730 fax
Attorney for Defendants

## *Certificate of Service*

☐ I hereby certify that on April 23, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

☒ I hereby certify that on April 23, 2018, I served the attached document by regular US Mail on the following, who are not registered participants of the ECF System:

Christopher Baker, ODOC# 149839
Davis Correctional Facility
6888 E. 133rd Road
Holdenville, OK 74848

DARRELL L. MOORE